Oethen J.

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE )
COMMISSION, )
)
    Plaintiff, )
)
 v. )  Case No. _16-cv-3384_ ( JPO )
)
LOUIS M. BLAZER III, )
)
)
    Defendant. )

## PARTIAL FINAL CONSENT JUDGMENT AS TO
### DEFENDANT LOUIS M. BLAZER III

  The Securities and Exchange Commission having filed a Complaint (the "Complaint")

and defendant Louis M. Blazer III ("Blazer" or "Defendant") having entered a general

appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this

action; consented to entry of this Partial Final Consent Judgment without admitting or denying

the allegations of the Complaint (except as to jurisdiction and except as otherwise provided

herein in paragraph VII); waived findings of fact and conclusions of law; waved service of the

summons and complaint; and waived any right to appeal from this Partial Final Consent

Judgment:

### I.

  **IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant is permanently restrained and enjoined from violating, directly or indirectly, singly or

in concert, Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] by using any means

or instruments of transportation or communication in interstate commerce or the mails, in the offer or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, singly or in concert, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant is permanently restrained and enjoined from violating, directly or indirectly, singly or

in concert, from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940

("Investment Advisers Act") [15 U.S.C. §§ 80b-(1) and 80b-6(2)] by, directly or indirectly,

singly or in concert, knowingly or recklessly while acting as an investment adviser within the

meaning of Section 202(a)(11) of the Investment Advisers Act, employing any device, scheme,

and/or artifice to defraud any client or prospective client and/or engage in acts, practices, or

courses of business which operate as a fraud or deceit upon any client or prospective client.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in

Federal Rule of Civil Procedure 65(d)(2), paragraphs I, II, and III above also bind the following

who receive actual notice of this Final Judgment by personal service or otherwise:  (a)

Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert

or participation with Defendant or with anyone described in (a).

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that absent further

agreement of the parties, the Court shall determine, upon motion of the Commission, whether it

is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section

20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21A of the Exchange Act [15 U.S.C.

§ 78u-1], Section 209(e) of the Investment Advisers Act [15 U.S.C. § 80b-9(e)], or other

applicable provision and, if so, the amount(s) of the disgorgement and/or civil penalty.  If

disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from the

date of applicable conduct, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any oral argument held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint (or any amended complaint in this action); (b) Defendant may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint (or any amended complaint in this action) shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure and without conducting an evidentiary hearing.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Consent Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of

4

the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Partial Final Consent Judgment.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Partial Final Consent Judgment forthwith and without further notice.

## CONSENT OF DEFENDANT LOUIS MARTIN BLAZER III

1.      Defendant Louis Martin Blazer III ("Blazer" or "Defendant") waives service of the summons and the complaint in this action (the "Complaint"), enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Partial Final Consent Judgment in the form attached hereto (the "Partial Final Consent Judgment") and incorporated by reference herein.

3.      Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Partial Final Consent Judgment or any other consent judgment executed by him, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Partial Final Consent Judgment or any other consent judgment executed by him, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.      Defendant agrees that absent further agreement of the parties, the Court shall determine, upon motion of the Commission, whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21A of the Exchange Act [15 U.S.C. § 78u-1], Section 209(e) of the

Investment Advisers Act [15 U.S.C. § 80b-9(e)], or any other applicable provision and, if so, the amount(s) of the disgorgement and/or civil penalty. The Defendant further understands that, if disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from the date of applicable conduct based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement (including prejudgment interest) and/or civil penalties, and at any oral argument on such a motion: (a) Defendant will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint (or any amended complaint in this action); (b) Defendant may not challenge the validity of this Consent or the Partial Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint (or any amended complaint in this action) shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure and without conducting an evidentiary hearing.

5.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Partial Final Consent Judgment.

7.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.      Defendant agrees that this Consent shall be incorporated into the Partial Final Consent Judgment with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Partial Final Consent Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Defendant waives service of the Final Consent Judgment and agree that entry of the Partial Final Consent Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Partial Final Consent Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Partial Final Consent Judgment.

11.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a

8

statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that they shall not be permitted to contest the factual allegations of the Complaint.

12.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement

9

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     Defendant agrees that the Commission may present the Final Consent Judgment to the Court for signature and entry without further notice.

15.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) waives the territorial limits on service contained in Rule 45 of the Federal Rules of

Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (iv) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

16.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Consent Judgment.

Dated: 5-4-2016

_____
Defendant Louis Martin Blazer III

COMMONWEALTH OF PENNSYLVANIA          COUNTY OF ALLEGHENY
On _____ MAY 4 , 2016 LOUIS MARTIN BLAZER III a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Robert M. Kennedy, Notary Public
Robinson Twp., Allegheny County
My Commission Expires Nov. 14, 2017
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

_____
Notary Public
Commission expires: 11-14-17

Dated: May 18, 2016

_____
J. PAUL OETKEN
United States District Judge

COPY MAILED TO PRO SE PARTY BY CHAMBERS