UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

LOUIS MARTIN BLAZER III,

Defendant.

Case No. 1:16-CV-3384 (JPO)

---

## CONSENT OF DEFENDANT LOUIS MARTIN BLAZER III

1.      Defendant Louis Martin Blazer III ("Defendant") has waived service of a summons and the complaint in this action, hereby enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action.  Specifically, on or about September 15, 2017, Blazer pleaded guilty to a five-count Information in connection with *United States v. Blazer*, 17 Cr. 563 (ER) (S.D.N.Y.), a related criminal proceeding (the "Criminal Proceeding"); on February 2, 2020, the Honorable Edgardo Ramos entered an order of judgment against Blazer; on February 6, 2020, Blazer was sentenced; and on April 30, 2020, Blazer was ordered to pay restitution in the total amount of $1,558,647.

3.      Defendant hereby consents to the entry of the Amended Final Judgment in the form attached hereto (the "Amended Final Judgment") and incorporated by reference herein, which, among other things:

> (a)     permanently restrains and enjoins Defendant from violations of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)]; Section 10(b) of the

1

Securities Exchange Act of 1934 [15 U.S.C. §§ 78j(b)] and Rule 10b-5

thereunder [17 C.F.R. §§ 240.10b-5]; and Sections 206(1) and 206(2) of the

Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1) and 80b-6(2)]; and

(b)     orders that Defendant is liable for disgorgement in the amount of

$1,558,647.00, plus prejudgment interest thereon in the amount of

$220,051.57, representing profits gained as a result of the conduct alleged in

the Complaint and prejudgment interest through the date of the Defendant's

Partial Final Consent Judgment in this matter, provided, however, that

Defendant's obligation to pay disgorgement is deemed satisfied by the order

of restitution of $1,558,647.00 entered against Defendant in the Criminal

Proceeding.  In light of the factors present in this case, including the

defendant's financial condition, the Defendant is additionally liable for a civil

penalty of $150,000.00.  Defendant shall satisfy these obligations by paying

$370,051.57 to the Commission within thirty (30) days after entry of this

Amended Final Judgment.

4.     Defendant acknowledges that the civil penalty paid pursuant to the Amended Final

Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the

Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is made, the

civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax

purposes.  To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not,

after offset or reduction of any award of compensatory damages in any Related Investor Action

based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall

he further benefit by, offset or reduction of such compensatory damages award by the amount of

any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in

any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30

days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this

action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as

the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall

not be deemed to change the amount of the civil penalty imposed in this action.  For purposes of

this paragraph, a "Related Investor Action" means a private damages action brought against

Defendant by or on behalf of one or more investors based on substantially the same facts as alleged

in the Complaint in this action.

     5.     Defendant agrees that he shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment made

pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

pursuant to the Amended Final Judgment, regardless of whether such penalty amounts or any part

thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant

further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to

any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the

Amended Final Judgment, regardless of whether such penalty amounts or any part thereof are added

to a distribution fund or otherwise used for the benefit of investors.

     6.     Defendant waives the entry of findings of fact and conclusions of law pursuant to

Rule 52 of the Federal Rules of Civil Procedure.

     7.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of the

Amended Final Judgment.

     8.     Defendant enters into this Consent voluntarily and represents that no threats, offers,

promises, or inducements of any kind have been made by the Commission or any member, officer,

3

employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.      Defendant agrees that this Consent shall be incorporated into the Amended Final Judgment with the same force and effect as if fully set forth therein.

10.     Defendant will not oppose the enforcement of the Amended Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.     Defendant waives service of the Amended Final Judgment and agrees that entry of the Amended Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Amended Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Amended Final Judgment.

12.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a

4

self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

13.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Amended Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations;

5

or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15.     Defendant agrees that the Commission may present the Amended Final Judgment to the Court for signature and entry without further notice.

16.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Amended Final Judgment.

Dated: _9-22-2020_

_____
Louis Martin Blazer III

On 22 SEPTEMBER, 2020, Louis Martin Blazer III, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: MARCH 18, 2023

Commonwealth of Pennsylvania - Notary Seal
Christie R. Kosenina, Notary Public
Allegheny County
My commission expires March 18, 2023
Commission number 1288966
Member, Pennsylvania Association of Notaries

Approved as to form:

_____
Marty Dietz, Esq.
Attorney for Defendant

6

Commonwealth of Pennsylvania - Notary Seal
Chrissie R. Kosanny, Notary Public
Allegheny County
My commission expires March 18, 2023
Commission number 1298361
Member, Pennsylvania Association of Notaries

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Case No. 1:16-CV-3384 (JPO) |
| LOUIS MARTIN BLAZER III, | |
| Defendant. | |

**AMENDED FINAL JUDGMENT AS TO DEFENDANT LOUIS MARTIN BLAZER III**

WHEREAS, on May 6, 2016, the Securities and Exchange Commission filed a Complaint (the "Complaint") and defendant Louis M. Blazer III ("Blazer" or "Defendant") later entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to the entry of a May 18, 2016, Partial Final Consent Judgment; and consented to the entry of an August 4, 2017, Final Consent Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided therein in paragraph V); waived findings of fact and conclusions of law; waived service of the Summons and Complaint; and waived any right to appeal from the Final Consent Judgment;

WHEREAS on or about September 15, 2017, Blazer pleaded guilty to a five-count Information in connection with *United States v. Blazer*, 17 Cr. 563 (ER) (S.D.N.Y.), a related criminal proceeding (the "Criminal Proceeding"); on February 2, 2020, the Honorable Edgardo Ramos entered an order of judgment against Blazer; on February 6, 2020, Blazer was sentenced; and on April 30, 2020, Blazer was ordered to pay restitution in the total amount of $1,558,647;

WHEREAS the Commission and Blazer consent to this Amended Final Judgment, which deems satisfied Blazer's obligation to pay disgorgement of $1,558,647.00 under the Final Consent Judgment based on the entry of the restitution order in the Criminal Proceeding;

THEREFORE, the Court enters this Amended Final Judgment as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, singly or in concert, Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] by using any means or instruments of transportation or communication in interstate commerce or the mails, in the offer or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, singly or in concert, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, singly or in concert, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Investment Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] by knowingly or recklessly while acting as an investment adviser within the meaning of Section 202(a)(11) of the Investment Advisers Act [15 U.S.C. § 80b-2(a)(11)], employing any device, scheme, and/or artifice to defraud any client or prospective client and/or engage in acts, practices, or courses of business which operate as a fraud or deceit upon any client or prospective client.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), paragraphs I, II, and III above also bind the following who receive actual notice of this Amended Final Judgment by personal service or otherwise:  (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement in the amount of $1,558,647.00, plus prejudgment interest thereon in the amount of $220,051.57, representing profits gained as a result of the conduct alleged in the Complaint and prejudgment interest through the date of the Defendant's Partial Final Consent Judgment in this matter, provided, however, that Defendant's obligation to pay disgorgement is deemed satisfied by the order of restitution of $1,558,647.00 entered against Defendant in the Criminal Proceeding.  In light of the factors present in this case, including the defendant's financial condition, the Defendant is additionally liable for a civil penalty of $150,000.00.  Defendant shall satisfy these obligations by paying $370,051.57 to the Commission within thirty (30) days after entry of this Amended Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Louis Martin Blazer III as a defendant in this action; and specifying that payment is made pursuant to this Amended Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

4

identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment through the remedies authorized by law at any time after 30 days following the entry of this Amended Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), and may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Amended Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Amended Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a

Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Amended Final Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code [11 U.S.C. § 523], the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Amended Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code [11 U.S.C. § 523(a)(19)].

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Amended Final Judgment.


Dated:  October 14, 2020

_____
J. PAUL OETKEN
United States District Judge

7